O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKIR A. METOYER, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. ED CV 14-2570 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

      Shakir A. Metoyer ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the vocational expert ("VE")'s opinion in determining that Plaintiff could perform alternative work. (*See* Joint Stipulation ("Joint Stip.") at 4-11, 15-17.) Specifically, Plaintiff argues that the ALJ failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (*Id.*); *see also* Department of Labor, Dictionary of Occupational Titles (4th ed. 1991). For the reasons discussed below, the Court affirms the Commissioner's decision.

A. <u>The Record as a Whole Supports the ALJ's Finding that Plaintiff Can Perform Alternative Work</u>

Preliminarily, as a matter of law, the Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the "record as a whole." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Wernecke v. Colvin*, 2014 WL 3017683, at *1 (D. Or. July 2, 2014). Further, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Here, the ALJ made his disability decision after evaluating relevant medical and non-medical evidence – including medical reports, school records, and testimony from Plaintiff and his mother.[1] (*See* AR at 13, 15-18, 190, 199, 223, 241-45.) The ALJ found that Plaintiff had several severe impairments: (1) a "mood disorder, not otherwise specified"; (2) a "history of attention deficit hyperactivity disorder (ADHD)"; (3) a learning disorder; and (4) seizures.[2] (*Id.* at 13.) Nevertheless, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work, with certain limitations related to his impairments. (*See id.* at 13, 15.) Based on the evidence in the record, including the VE's testimony and Plaintiff's ninth-grade education, the ALJ properly found that Plaintiff could perform the jobs of kitchen helper (DOT No. 318.687-010, 1991 WL 672755), industrial cleaner[3] (DOT No. 381.687-014, 1991 WL 673257), and hand packager (DOT No. 920.587-018, 1991

---

[1] The ALJ found the testimony of Plaintiff and his mother less than fully credible. (*See* AR at 16, 32-35, 38-40.)

[2] The ALJ included seizures in Plaintiff's RFC even though Plaintiff testified that he may be "exaggerating" his seizures. (*See* AR at 13, 15-16, 32-35.)

[3] Both the VE and the ALJ refer to DOT job code 381.687-014 as "industrial cleaner," while the DOT labels the job "commercial or institutional cleaner." *See* DOT 381.687-014, 1991 WL 673257.

WL 687916).[4] (*See* AR at 15-18, 31-32, 40, 47-49, 199-200); *see also Wernecke*, 2014 WL 3017683, at *1, *4-6 (ADHD and learning disability did not preclude claimant from performing kitchen helper job); *McCummings v. Colvin*, 2014 WL 108356, at *7 (D. S.C. Jan. 10, 2014) (elementary-school reading and math skills did not preclude claimant from performing kitchen helper and hand packager jobs); *Scott v. Astrue*, 2011 WL 1584144, at *4-6 (C.D. Cal. Apr. 27, 2011) (ninth-grade education and illiteracy did not preclude claimant from performing kitchen helper and hand packager jobs).

      Accordingly, looking at the record as a whole, the Court finds that the ALJ's determination that Plaintiff can perform alternative jobs is supported by substantial evidence.

      B.    <u>Plaintiff is Not Entitled to Reversal Based on the ALJ's Reliance on the VE's Testimony</u>

      Additionally, Plaintiff is not entitled to reversal based on his argument that the ALJ improperly relied on the VE's testimony, despite an alleged conflict between the alternative jobs described by the VE and the job requirements outlined in the DOT. Specifically, Plaintiff argues that the jobs, as described by the DOT, require GED Level 1 skills, which Plaintiff lacked. (*See* Joint Stip. at 6-9; AR at 15-18.) Notably, however, GED Level 1 is the lowest skill level listed in the DOT. *See Schuler v. Astrue*, 2010 WL 1443892, at *8 (C.D. Cal. Apr. 7, 2010) ("Since no jobs under the DOT have a lower GED level than one for math or language development, *all* jobs described in the DOT . . . have reading and math requirements.") (emphasis in original).

      Plaintiff's claim fails for two reasons.

---

[4] In particular, the job of kitchen helper requires skills that Plaintiff already has, *e.g.*, washing dishes and sweeping and mopping floors. *See* DOT 318.687-010, 1991 WL 672755; (*see also* AR at 242 (Plaintiff told psychologist that his daily activities include "wash[ing] dishes and sweep[ing] [his] room").)

   First, the ALJ properly relied on the VE's testimony.  Notably, at Plaintiff's hearing, the ALJ specifically asked the VE if there were any conflicts between his testimony and the DOT, and the VE identified none.  (*See* AR at 47-49); *see also Wentz v. Comm'r Soc. Sec. Admin.*, 401 F. App'x 189, 191 (9th Cir. 2010) (finding ALJ reliance on VE testimony proper where ALJ asked VE to identify conflicts and VE identified none).  Moreover, the ALJ gave Plaintiff and his representative an opportunity to cross-examine the VE, and neither asked about any such conflict.  (*See* AR at 49-50); *see also Wentz*, 401 F. App'x at 191 (finding ALJ entitled to rely on VE's testimony where on cross-examination, Plaintiff's representative did not challenge VE's testimony regarding potential conflict with DOT); *Lair v. Colvin*, 2013 WL 1247708, at *4 (C.D. Cal. Mar. 25, 2013) (finding ALJ entitled to rely on VE's testimony because VE testified to no conflict with DOT and Plaintiff's representative did not question VE regarding potential inconsistencies).

   Second, any error in the ALJ's reliance on the VE's testimony was harmless.  Generally, neither the DOT nor the testimony of a VE "automatically 'trumps' when there is a conflict" between the two.  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).  And, where a VE provides "sufficient support for [the VE's] conclusion," so as to justify any conflicts, any error is harmless.  *Id.* at 1154 n.19.  Here, the VE found that Plaintiff could perform these three alternative jobs based on evidence, *e.g.*, that Plaintiff: (1) had a ninth grade education, (2) could read "simple words," and (3) could "count 12 items in a box."  (AR at 15, 47-49); *see Massachi*, 486 F.3d at 1154 n.19; *cf. Wernecke*, 2014 WL 3017683, at *1, *4-6; *McCummings*, 2014 WL 108356, at *7; *Scott*, 2011 WL 1584144, at *4-6.

   Accordingly, the alleged error warrants no reversal.

/ / /

/ / /

/ / /


Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED:  November 24, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*